UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE BASTIEN,

        Plaintiff,

v.                       Case No. 8:09-cv-1714-T-33EAJ

PIPELINE SYSTEMS, INC., ET AL.

        Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Defendant Pipeline Systems, Inc.'s (hereafter "PSI") Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 11), which was filed on October 28, 2009, as well as the Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction (Doc. # 12), which was filed on November 4, 2009, by Defendants Innovative Pipeline Services, Inc. (hereafter "IPS"), Fred Frink, and Roger Jacobson.

The Defendants in this case argue that this Court lacks personal jurisdiction over them and, accordingly, dismissal of the Amended Complaint is required. Plaintiff failed to file a response in opposition to Defendants' motions to dismiss within the time parameters of the Local Rules of the Middle District of Florida. The Court, *sua sponte*, entered an order on December 1, 2009, granting Plaintiff additional time in

which to file a response to Defendants' dispositive motions and warning that, absent a response to the dispositive motions, such motions would be granted as unopposed motions. (Doc. # 13).

The Court grants Defendants' dispositive motions. Particularly, the Court grants Defendant PSI's motion to dismiss (Doc. # 11) after finding that the Court lacks personal jurisdiction over Defendant PSI. The First Amended Complaint does not set forth any factual allegations to demonstrate that Defendant PSI, a California corporation, had any contacts whatsoever with the state of Florida. The Court credits the unopposed declaration of Ron Derammelaere, President of PSI (Doc. # 3-2), in which he explains, among other things:

> PSI does not have any contracts with plaintiff, Andre Bastien. PSI did not employ Bastien. Bastien was not PSI's agent nor did PSI provide Bastein with authority to enter into any contracts on PSI's behalf. . . PSI did not have any contacts with Bastien in the state of Florida. PSI is not presently engaged in business in the State of Florida. . . PSI has no corporate officers, employees, agents, offices, bank accounts, books or records, telephone listings, or property in the State of Florida.

(Derammelaere Decl. Doc. # 3-2). In addition, Derammelaere indicates that "PSI is not licensed or otherwise authorized to do business in Florida." Id. Upon due consideration, the

Court determines that there is no basis for the exercise of personal jurisdiction over Defendant PSI in this case.

The Court also grants the motion to dismiss filed by the remaining Defendants, IPS, Fred Frink, and Roger Jacobson. (Doc. # 13). IPS is a Nevada corporation with its principal place of business in Washington. (Frink Decl. Doc. # 12-2 at ¶ 4). Defendant Frink resides in Washington and is the General Manager of IPS. Id. Defendant Jacobson also resides in Washington and is a Project Manager for IPS. (Jacobson Decl. Doc. # 12-3 at ¶ 3). The Court credits the declarations of Frink and Jacobson, in which each explain that IPS, Frink, and Jacobson could not have anticipated the possibility of being hauled into court in Florida. (Doc. ## 12-2 and 12-3).

Among other things, Frink and Jacobson explain that IPS, Frink, and Jacobson do not operate, conduct, engage in or carry on business within the state of Florida. (Frink Decl. Doc. # 12-2 at ¶ 10; Jacobson Decl. Doc. # 12-3 at ¶ 9).[1] Crediting the uncontested declarations of Frink and Jacobson, the Court determines that there is no basis for personal jurisdiction over IPS, Frink, and Jacobson.

---

[1] The declarations of Derammelaere, Frink, and Jacobson contain numerous factual allegations, too voluminous to replicate in this Order. The Court adopts and incorporates by reference the factual allegations of the aforementioned declarations in support of its determination that the Court lacks personal jurisdiction over the Defendants in this action.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1) Defendant Pipeline Systems, Inc.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 11) is **GRANTED**.

(2) The Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (Doc. # 12), which was filed by Defendants Innovative Pipeline Services, Inc., Fred Frink, and Roger Jacobson, is **GRANTED**.

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of December, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record